**Signed: April 25, 2007**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                           No. 04-41110 TT
                                                                Chapter 7
JOHN WILLIAM FINDLEY, III,

        Debtor.
_____/
THE STATE BAR OF CALIFORNIA,                                    A.P. No. 06-4180 AT

        Plaintiff,

   vs.

JOHN WILLIAM FINDLEY,III,

        Defendant.
_____/

**MEMORANDUM OF DECISION**

In this adversary proceeding, plaintiff The State Bar of California (the "State Bar") seeks a determination that its pre-petition claim against defendant John William Findley, III (the "Debtor") is nondischargeable pursuant to 11 U.S.C. § 523(a)(7). After the Debtor moved unsuccessfully for judgment on the pleadings, the State Bar moved for summary judgment in its favor. The Debtor opposed the motion, and the motion was argued to the Court. Having

considered the arguments of the parties and the underlying facts, which are essentially undisputed, the Court concludes that the motion should be granted. The reasons for the Court's decision are set forth below.

**SUMMARY OF UNDISPUTED FACTS**

The Debtor is a California attorney. In 2003, the State Bar investigated a complaint about the Debtor made by one of the Debtor's former clients. Based on that investigation, the State Bar charged the Debtor with violating various sections of the California Rules of Professional Conduct and the California Business and Professions Code. The hearing officer assigned to the matter recommended that the Debtor be suspended from the practice of law for one year and that he serve two years on probation after that.

On March 2, 2004, the Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code. He received a discharge on June 9, 2004.

On June 15, 2005, the State Bar Review Department issued an Opinion on Review, adopting, with minor modifications, the findings and disciplinary actions recommended by the hearing officer. On August 24, 2005, the State Bar issued a Certificate of Costs, directing the Debtor to pay the State Bar the costs of the disciplinary proceeding in the amount of $14,054.94 (the "Cost Award"). The Cost Award was issued pursuant to Cal. Bus. & Prof. Code § 6086.10, which requires the State Bar, absent proof of hardship, to require an attorney subjected to discipline to pay the costs of the action. On November 16, 2005, the California Supreme

Court denied the Debtor's petition to review the Opinion on Review and the Cost Award, thereby adopting the opinion and the award.

Thereafter, the Debtor moved to reopen his bankruptcy case. When the case was reopened, the State Bar filed this adversary proceeding, seeking a declaration that the Cost Award was nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

## DISCUSSION

Section 523(a)(7) provides, in pertinent part, that a chapter 7 discharge does not discharge an individual debtor from a debt:

> (7) to the extent such debt is for a fine, penalty, or forfeiture [payable to and for the benefit of a governmental unit, **and is not compensation for actual pecuniary loss**,...
> ...
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

11 U.S.C. § 523(a)(7)[emphasis added]. The Debtor contends that the Cost Award is not entitled to be excepted from his discharge because it represents compensation for the State Bar's actual pecuniary loss. In support of this contention, the Debtor cites In re Taggart, 249 F.3d 987 (9th Cir. 2001).

In Taggart, as here, an attorney disciplined by the State Bar was ordered to pay the costs of the disciplinary proceeding pursuant to Cal. Bus. & Prof. Code § 6086.10. Thereafter, the attorney filed for bankruptcy and received a discharge. An adversary proceeding was commenced to determine whether the debtor's liability for the cost award was excepted from the debtor's discharge pursuant to 11 U.S.C.

3

§ 523(a)(7). The Taggart court held that the cost award had been discharged.

The Taggart court based this conclusion primarily on a comparison of Bus. & Prof. Code § 6086.10, as in effect at the time, with § 6086.13. Section 6086.13 refers to the an attorney may be required to pay when the attorney is suspended, disbarred, or resigns while a disciplinary action is pending as a monetary sanction. By contrast, § 6086.10 refers to the amount the attorney is ordered to pay as an award of costs. The Taggart court also found it significant that the § 6086.10 cost award was mandatory, absent proof of hardship, whereas the § 6086.13 sanction award was discretionary.

The Taggart court also noted that § 6086.10(d) permits an exonerated attorney to reimbursement for his payment of a cost award. It likened this provision to Cal. Civ. Proc. Code §§ 1032(a)(4),(b), which permit the prevailing party in a civil action to recover its litigation costs from the other party where the other party has engaged in bad faith tactics. Taggart, 249 F.3d at 992-3, n6. Finally, the Taggart court cited language from the legislative history of § 6085.13, noting the need for a provision authorizing the imposition of fines as opposed to mere cost reimbursement. Id. at 993. Based on these indicia, the Taggart court concluded that it was the intent of the California legislature, in enacting § 6086.10, to require the disciplined attorney to reimburse the State Bar for its actual pecuniary loss rather than to impose a sanction.

In 2003, the California Legislature amended Cal. Bus. & Prof. Code § 6086.10, among other things, by adding a new subsection (e) as follows:

> In addition to other monetary sanctions as may be ordered by the Supreme Court pursuant to Section 6086.13, costs imposed pursuant to this section are penalties, payable to and for the benefit of the State Bar of California, a public corporation created pursuant to Article VI of the California Constitution, to promote rehabilitation and to protect the public. This subdivision is declaratory of existing law.

Cal. Bus. & Prof. Code § 6086.10(e). The State Bar contends that this amendment was made to statutorily overrule Taggart. In support of this contention, the State Bar filed the Declaration of Lawrence Doyle ("Doyle" and the "Doyle Declaration") and a Request for Judicial Notice (the "RJN") attached to which, among other things, is a copy of the Enrolled Bill AB 1708 (the "Enrolled Bill").

In the Doyle Declaration, Doyle states that, as Chief Legislative Counsel for the State Bar, in 2003, he drafted several amendments to AB 1708, a bill authored by the Assembly Committee on Judiciary and sponsored by the State Bar. He states that those amendments were incorporated into the bill that was ultimately signed into law on September 8, 2003. He states that § 6086.10(e) was drafted in response to Taggart, "to expressly clarify and re-state the intent of [the] California Legislature that disciplinary costs are monetary sanctions and are part of the punishment imposed on California lawwyers for professional misconduct...." Doyle Declaration, p.2, para. 4.

5

The Enrolled Bill does not make reference to Taggart. However, in the Background section, it states that "one of...[the substantive amendments] would clarify that orders to pay disciplinary costs, like the costs of prosecution imposed on criminal defendants, would be analogous to fines and not dischargeable in bankruptcy." Enrolled Bill, p.3, Background, para. 2; see Kelly v. Robinson, 479 U.S. 36 (1986)(restitution order imposed as part of criminal sentence was penalty and thus excepted from bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(7).

In response, the Debtor contends that Taggart was correctly decided and is still controlling law. He asserts that, even assuming the amendment to § 6086.10, adding new subsection (e), was intended to statutorily reverse Taggart, its language was insufficient to accomplish that purpose. He concedes that § 6086.10(e) makes it clear that the cost award mandated under § 6086.10(a) is intended to serve as a penalty. However, he argues that this only addresses one of the two requirements for nondischargeability under 11 U.S.C. § 523(a)(7). According to the Debtor, to be excepted from the discharge pursuant to § 523(a)(7), the cost award must also not be compensation for actual pecuniary loss. In other words, he assumes that an award may be both a penalty and compensation for actual pecuniary loss rather than those two criteria being mutually exclusive.[1]

---

[1] The Debtor also makes a half-hearted challenge to the constitutionality of the California attorney disciplinary scheme. He devotes less than one full page of his nine page brief to this endeavor and cites no authority for his contentions. The Court

6

The Court is not persuaded. His argument fails even if he correctly assumes that a cost award can be both a penalty and intended as compensation for actual pecuniary loss. In construing a statute, one must attempt to give meaning to all of its terms. The Debtor's construction ignores the final portion of § 6086.10(e): i.e., stating that the purpose of the award is "to promote rehabilitation and to protect the public." This statement of purpose undercuts the Debtor's contention that the purpose of the award is to compensate the State Bar for its actual pecuniary loss.

Moreover, the Court does not read 11 U.S.C. § 523(a)(7) to require proof of two elements: (1) that the monetary award is a penalty and (2) that the monetary award is not intended to compensate for actual pecuniary loss. Rather, the Court reads 11 U.S.C. § 523(a)(7) as creating two mutually exclusive categories of monetary awards: i.e., (1) penalties and (2) awards intended to compensate for actual pecuniary loss. Moreover, this is how the <u>Taggart</u> court appears to have read § 523(a)(7). See <u>Taggart</u>, 249 F.3d at 989 ("Because we conclude that, in California, such costs are compensation to the State Bar for 'actual pecuniary loss' **rather than** 'fine[s], penalt[ies], or forfeiture[s],' we reverse the decision of the Bankruptcy Appellate Panel and remand with instruction to discharge the appellant's debt to the State Bar.")(Emphasis added.)

Summary judgment is appropriate when there are no disputed issues of material fact. Fed. R. Civ. Proc. 56(c), made applicable

---

declines to address a constitutional challenge raised in such a cursory fashion.

7

to this proceeding by Fed. R. Bankr. Proc. 7056. The only dispute presented here is how 11 U.S.C. § 523(a)(7) and Cal. Bus. & Prof. Code § 6086.10(a) and (e) should be construed. The proper construction of a statute is a question of law. <u>Johnson Industrial Sales, Inc. v. Strema Sales Corp.</u>, 2007 WL 786793, *2 (March 16, 2007). Because the Court construes the amended version of § 6086.10 to statutorily reverse <u>Taggart</u> and to clarify that the cost award mandated by § 6086.10(a) is intended as a penalty and not as compensation for actual pecuniary loss, the Court will grant the State Bar's motion for summary judgment.

## CONCLUSION

The State Bar is entitled to summary judgment, declaring the Cost Award excepted from the Debtor's bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(7). The 2003 amendment to Cal. Bus. & Prof. Code § 6086.10 statutorily reversed <u>Taggart</u>, which would otherwise compel the Court to conclude that the Cost Award had been discharged. Counsel for the State Bar is directed to submit a proposed form of order and judgment in accordance with this decision.

END OF DOCUMENT

```
                          COURT SERVICE LIST

   John William Findley, III
   167 Cleopatra
   Pleasant Hill, CA 94523

   Kevin W. Coleman
   Schnader Harrison Segal and Lewis LLP
   One Montgomery St. #2200
   San Francisco, CA 94104
```